```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                      For Online Publication Only
----------------------------------------------------------------X
MAMIE H. BELL, NAYQUAN A. BELL,

                    Plaintiffs,

          -against-                                **MEMORANDUM AND ORDER**
                                                   18-CV-01593 (JMA) (GRB)
DEUTSCHE BANK, INDYMAC 2006-AR27,
RAS BORISKIN, LLC,

                    Defendants.
----------------------------------------------------------------X
```

**APPEARANCES:**

Mamie Bell, Nayquan Bell
    *Pro se Plaintiffs*

Ashley R. Newman
McGlinchey Stafford
112 West 34th Street, Suite 1515
New York, New York 10120
    *Attorney for Defendant Deutsche Bank*
    *National Trust, as Trustee for Indymac 2006-AR27*

**AZRACK, United States District Judge:**

On February 2, 2018, Mamie Bell and Nayquan Bell (together "plaintiffs" or the "Bells") filed a *pro se* complaint in the Supreme Court of New York, Nassau County against Deutsche Bank as Trustee for Indymac 2006-AR27 ("Deutsche Bank" or the "defendant") and RAS Boriskin, LLC ("RAS Boriskin" or the "law firm") (together, the "defendants"). On March 14, 2018, Deutsche Bank removed the case to this Court pursuant to § 28 U.S.C. 1441(a) and (b) based upon 28 U.S.C. §§ 1331 and 1332(a). (Def.'s Notice of Removal ("Removal Not."), ECF No. 1.) Before the Court is Deutsche Bank's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). (Def.'s Mot. to Dismiss, ECF No. 10.) For the reasons stated below, the Court grants defendant's motion and dismisses plaintiffs' complaint in its

entirety. However, plaintiffs are granted leave to file an amended complaint consistent with this Memorandum and Order within thirty (30) days.

## I.  BACKGROUND

The following facts are taken from plaintiffs' complaint, the record before the Court and filings from the related foreclosure action. In deciding a motion to dismiss, the Court may take judicial notice of public records, including state court filings. Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). The Court can also consider exhibits—such as copies of the mortgage and mortgage assignments—which are attached or integral to the complaint. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

### A.  **The Mortgage**

On August 2, 2006, plaintiffs executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee, and a note (the "Note") in favor of Indymac Bank, F.S.B. (the lender) in the principal sum of $352,000 concerning a property located at 105 Montague Street, Valley Stream, New York (the "Property"). (Declaration of Ashley R. Newman ("Newman Decl.") Ex. B, ECF No. 10-4.) The Mortgage was recorded on August 10, 2006. (Id.) On October 14, 2009, the Mortgage was assigned to OneWest, F.S.B. ("OneWest") (Id. Ex. C, ECF No. 10-5.) On December 1, 2010, the Mortgage was assigned to Deutsche Bank. (Id. Ex. D, ECF No. 10-6.) This assignment was recorded in the Nassau County Clerk's Office on June 22, 2011. (Id.).

### B.  **The Foreclosure Proceeding**

As a result of plaintiffs' default on the Note and Mortgage by failing to make their monthly payment, on September 8, 2015, Deutsche Bank commenced an action against plaintiffs in New

York State Supreme Court, Nassau County.[1] (Id. Ex. E, ECF No. 10-7.) Plaintiffs filed an answer on October 15, 2015 which contained no affirmative defenses. (Id. Ex. F, ECF No. 10-8.) On October 3, 2016, the state court granted Deutsche Bank's motion for summary judgment, issued a default judgment against the Bells, and appointed a referee to ascertain the amount due on the Mortgage. (Id. Ex. G, ECF No. 10-9.) Deutsche Bank obtained a judgment of foreclosure and sale on December 22, 2017. (Id. Ex. H, ECF No. 10-10.) The Property was scheduled to be sold on March 20, 2018, however, on that date plaintiffs filed an order to show cause seeking a temporary restraining order to stay the sale. (Id. Ex. I, ECF No. 10-11.) In support of their request, plaintiffs alleged that Deutsche Bank engaged in violations of federal consumer protection laws, misrepresentation, predatory mortgage servicing, and predatory lending. (Id.) Plaintiffs also attached a copy of the instant complaint to their Order to Show Cause. (Id.) On April 27, 2018, the state court denied plaintiffs' order to show cause and directed Deutsche Bank to proceed with the foreclosure. (Id. Ex. J, ECF No. 10-12.) A foreclosure sale was scheduled for July 31, 2018. (Newman Decl. ¶ 12.) On March 7, 2019, plaintiffs filed a motion in the foreclosure action seeking an order directing production of the Note, reversal of the deed, and cancelation of the auction sale that occurred on July 30, 2018. (Def.'s Supplemental Reply, ECF No. 14.) On April 4, 2019, the state court denied plaintiffs' motion. (Id.)

C. **The Instant Action**

On January 18, 2018, plaintiffs filed the instant complaint against the defendants in the Supreme Court of New York, Nassau County. (Compl.) Construing plaintiffs' complaint liberally, it appears to allege that Deutsche Bank engaged in predatory lending and predatory mortgage

---

[1] Prior to the 2015 foreclosure action, the defendant had commenced two separate foreclosure actions on the Property, one in December 2009 and the other in December 2011. (Def.'s Reply Affirmation of Ashely R. Newman ("Newman Aff.") ¶¶ 2–3, ECF No. 12-1.) Both of those actions were discontinued for procedural reasons. (Id.)

servicing in violation of unspecified provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (the "Dodd-Frank Act") and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et., seq.* (Id. ¶¶ 4–5.) The complaint also appears to allege state law claims against Deutsche Bank for breach of contract, deceptive business practices (seemingly pursuant to New York General Business Law ("GBL") § 349), and negligent infliction of emotional distress.[2] (Id. ¶¶ 5–7.) As to defendant RAS Boriskin, plaintiffs appear to allege a state law claim of negligent infliction of emotional distress.[3] (Id. ¶ 6.) Plaintiffs seek $70 million dollars in damages, including damages for emotional distress and punitive damages. (Id. ¶¶ 6, 8.)

On March 14, 2018, Deutsche Bank removed this action pursuant to 28 U.S.C. § 1441(a) and (b) asserting that this Court has both federal question and diversity of citizenship jurisdiction. (See Removal Not. ¶¶ 6, 7) (citing 28 U.S.C. §§ 1331 and 1332(a).) Deutsche Bank's notice of removal claims that plaintiffs fraudulently joined RAS Boriskin, "who [has] no real connection to this action" in an effort to defeat diversity jurisdiction. (Removal Not. ¶ 8(a).) Plaintiffs did not seek remand or otherwise challenge the removal, or address Deutsche Bank's claim that RAS Boriskin was fraudulently joined.

Deutsche Bank filed the instant motion to dismiss on September 11, 2018, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), claiming that plaintiffs' complaint

---

[2] Plaintiffs' opposition to defendant's motion to dismiss raises, for the first time, allegations of violations of the Federal Debt Collectors Practice Act ("FDCPA") and a statute of limitations defense in connection with the state foreclosure action. (Pl.'s Opp. to Def.'s Mot. to Dismiss, ECF No. 11 at 1-4.) However, a plaintiff "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [d]efendant[']s motion to dismiss." K.D. ex rel. Duncan v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013). The Court therefore declines to address the claims plaintiffs raise for the first time in their motion papers.

[3] Plaintiffs' opposition to defendant's motion to dismiss raises, for the first time, allegations of misrepresentation and violations of the Code of Professional Responsibility against RAS Boriskin. (Pl.'s Opp. to Def.'s Mot. to Dismiss at 3.) As discussed in footnote 2, supra, the Court declines to address the claims plaintiffs raise for the first time in their motion papers.

should be dismissed because their claims are barred by the doctrine of *res judicata* and fail to state a claim upon which relief can be granted. (Def.'s Mem., ECF No. 10-1 at 3–11.) Defendant further asserts that plaintiffs' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") as it has not been formally served with the summons and complaint. (Id. at 11–12.) Plaintiffs filed an opposition to defendant's motion, (Pl.'s Opp. to Mot. to Dismiss, ECF No. 11), and defendant replied. (Def.'s Reply Mem., ECF No. 12.) On March 22, 2019, plaintiffs filed a supplemental letter opposing defendant's motion, (Suppl. Opp. to Def's Mot. to Dismiss, ECF No. 13), and defendant responded on June 19, 2019. (Def.'s Suppl. Reply.) RAS Boriskin has not appeared in this action.

## II. DISCUSSION

### A. Standards of Review

#### 1. Motion to Dismiss for Insufficient Process

Rule 12(b)(5) permits a party to move to dismiss the complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). To resolve a motion to dismiss for insufficiency of process, the court "must look to matters outside the complaint to determine what steps, if any, the plaintiff took to effect service." C3 Media & Marketing Group, LLC v. Firstgate Internet, Inc., 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (internal quotations and citation omitted); see also Cassano v. Altshuler, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016). In doing so, the court considers whether the plaintiff has complied with Rule 4, which governs the content, issuance, and service of a summons. DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Moreover, "[o]n a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 Fed. App'x. 202, 203 (2d Cir. 2010) (citing Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)). "Conclusory statements that a defendant was properly served are

5

insufficient to overcome a defendant's sworn affidavit that he was never served with process." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (internal quotations omitted).

### 2. **Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice. Twombly, 550 U.S. at 555. In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). Motions to dismiss invoking *res judicata* are properly brought under Rule 12(b)(6). See Wiercinski v. Mangia 57, Inc., No. 09–CV–4413, 2010 WL 2681168, at *1 (E.D.N.Y. July 2, 2010).

The court is mindful that when considering a motion to dismiss a *pro se* complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). "However, mere conclusions of law or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

## B. Insufficient Service of Process

Deutsche Bank contends that it was never served with the summons and complaint. (Removal Not. ¶ 2; Def.'s Mem. at 11–12.) Because plaintiffs have failed to satisfy their burden of establishing that service was sufficient, the Court finds that service of process was invalid and therefore dismisses the complaint. See Khan, 360 F. App'x at 203.

In accordance with Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(h) provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: in a judicial district of the United States" in one of two ways:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Of relevance here, N.Y. C.P.L.R. § 312-a(a) permits service by mail. It provides:

> As an alternative to the methods of personal service authorized by section 307, 308, 310, 311 or 312 of this article, a summons and complaint, or summons and notice, or notice of petition and petition may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and

acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.

N.Y. C.P.L.R. § 312–a(a). Under this alternative method, "[s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender. The signed acknowledgement of receipt shall constitute proof of service." Id. at 312-a(b).

Here, even construing the record favorably to plaintiffs, the Court finds that service of process was insufficient. It appears that plaintiffs attempted to serve defendant via mail, however, the affidavit of service plaintiffs filed with the court on February 13, 2018, shows that only a summons was served by mail to two separate New York addresses on February 2, 2018.[4] As plaintiffs neither submit, nor claim that they received, signed acknowledgments from either defendant, service was not complete. See Smith v. Bray, No. 12-CV-07172, 2014 WL 5823073, at *3 (S.D.N.Y. Nov. 10, 2014) ("[S]ervice under N.Y. C.P.L.R. 312–a is complete only if and when a defendant signs and returns the acknowledgment of receipt.") (citing N.Y. C.P.L.R. § 312–a(b)(1)).

Moreover, both defendant's notice of removal and the instant motion clearly put plaintiffs on notice that service had not been effectuated appropriately. (See Removal Not. ¶ 2; Def.'s Mem. at 11–12.) As plaintiffs filed their complaint on January 18, 2018, plaintiffs' time to effect proper service on defendants has long passed and they offer no explanation for their failure to effect proper service. Rather, their opposition to defendant's motion to dismiss ignores the issue entirely. Additionally, it is irrelevant that the complaint eventually found its way to defendant via other means. See Macchia v. Russo, 67 N.Y.2d 592, 595 (1986) ("the fact that a defendant has received prompt notice of the action is of no moment" where service is improper). Further, that defendant

---

[4] Plaintiffs should also be warned that the Wall Street address on the affidavit of service may not be the registered address of Deutsche Bank.

removed the action to federal court does not preclude dismissal for insufficient service. Gerena v. Korb, 617 F.3d 197, 202 (2d Cir. 2010). Nor are plaintiffs excused from complying with the applicable rules of service merely by virtue of their *pro se* status. Cassano, 186 F. Supp. at 320 (citing Ladner v. Proportional Count Assocs., Inc., No. 96-CV-2190, 2001 WL 1328443, at *2 (E.D.N.Y. Sept. 17, 2001) ("Courts have held that the fact that plaintiff is proceeding *pro se* does not excuse him from properly serving the defendants."). "With no evidence of proper service in the record, and no valid legal arguments responding to the assertion that service was insufficient, plaintiffs have failed to shoulder their 'burden of proving service of process [on defendant] was adequate.'" Balarezo v. Ocwen Loan Servicing, LLC, No. 17-CV-3033, 2017 WL 4857598, at *4 (S.D.N.Y. Oct. 25, 2017) (quoting Mende, 269 F. Supp. 2d at 251). Moreover, as plaintiffs offer no explanation for their failure to properly serve defendants, they have not shown "good cause," for this failure, and the Court declines to grant a discretionary extension to serve defendants with the current complaint. See Fed. R. Civ. P. 4(m); see also Smith, 2014 WL 5823073 at *4–6. Accordingly, the complaint is dismissed without prejudice pursuant to Rule 12(b)(5).[5]

## C. Failure to State a Claim

Even if plaintiffs had properly served defendants, the majority of plaintiffs' allegations against Deutsche Bank are dismissed because they are precluded under the doctrine of *res judicata*, and plaintiffs' remaining tort and GBL claims are dismissed for failure to state a claim. Notably, plaintiffs are barred from attacking Deutsche Bank's ability to enforce the Mortgage in the prior state court foreclosure proceedings.

---

[5] As noted above, defendant RAS Boriskin has not appeared in this action. Although plaintiffs filed an affidavit of service with respect to RAS Boriskin, it is deficient for the same reasons discussed above. Thus, plaintiffs' complaint is dismissed without prejudice as to both defendants for insufficient service.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999) (quotation omitted). "In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." Burka v. New York City Transit Auth., 32 F.3d 654, 657 (2d Cir. 1994). Federal courts must apply the doctrine of *res judicata* according to the rules of the state from which the judgment is taken. See Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996); Giardina v. Nassau Cnty., No. 08-CV-2007, 2010 WL 1850793, at *3 (E.D.N.Y. May 7, 2010).

In New York, *res judicata* is applicable where: "(1) there is a previous adjudication on the merits; (2) the previous action involved [the party against whom *res judicata* is invoked] or its privy; and (3) the claims involved were or could have been raised in the previous action." Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 171 (E.D.N.Y. 2010), aff'd, 446 F. App'x 360, 361 (2d Cir. 2011) (citation omitted). Pursuant to New York's transactional approach to *res judicata*, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421-22 (S.D.N.Y. 2008) (internal quotation marks and citation omitted) (Claims are deemed to have been brought to a final conclusion even when they "could have been litigated [as defenses in the prior action], including defenses to a foreclosure."). While New York is a "permissive counterclaim" jurisdiction and does not require a litigant to assert all counterclaims in their original action, an exception to this rule "bars a subsequent lawsuit that amounts to an attack on a judgment previously issued by the state

court." Dolan v. Select Portfolio Servicing, Inc., No. 13-CV-1552, 2014 WL 4662247, at *4 (E.D.N.Y. Sept. 18, 2014) (internal quotation marks and citation omitted).

*Pro se* litigants are equally bound by the doctrine of *res judicata*. Done v. Wells Fargo Bank, N.A., No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009). See also Fequiere v. Tribeca Lending, No. 14-CV-812, 2016 WL 1057000, at *7 (E.D.N.Y. March 11, 2016) (holding that where the *pro se* plaintiff attacked the validity of the underlying mortgage and the propriety of the foreclosure action in state court, she could not recast the same factual allegations to support claims under racketeering and state statutes in federal court).

In the instant case, the Court finds that plaintiffs' claims directly related to the Mortgage or foreclosure action (which appear to be all their claims other than their potential tort or GBL claims) are barred from further adjudication by *res judicata*. First, the December 22, 2017 judgment of foreclosure and sale entered against plaintiffs in the 2015 state action is a final, prior adjudication on the merits, "which prevents reconsideration of any claim that is based on the same facts as the foreclosure judgment." Done, 2009 WL 2959619, at *4. Second, plaintiffs and Deutsche Bank were both named parties in the state foreclosure proceeding. Finally, while only some of plaintiffs' claims were directly raised in the state court foreclosure action, all of these claims relate to the parties' rights and obligations under the Mortgage and could have been raised by plaintiffs as defenses in the state foreclosure action and are therefore barred by *res judicata*.[6]

"Courts in this Circuit have found that a plaintiff's federal-court claim is precluded by a state-court judgment in a foreclosure action when the plaintiff has alleged, in federal court, that the defendants acted improperly in connection with the making, validity or enforcement of the

---

[6] Though plaintiffs did not raise these claims as affirmative defenses in the foreclosure action, plaintiffs asserted them in support of their order to show cause seeking a stay in that action, as they included a copy of the instant complaint with their motion. (Newman Decl., Ex. I.) The state court rejected plaintiffs' claims in denying a stay and ordering foreclosure of the Property. (Id. Ex. J.)

11

underlying mortgage." George v. Nationstar Mortg., LLC, No. 16-CV- 261, 2017 WL 3316065, at *7 (E.D.N.Y. Aug. 2, 2017). See also Solomon v. Ocwen Loan Servicing, LLC, No. 12-CV-2856, 2013 WL 1715878, at *5 (E.D.N.Y. Apr. 12, 2013) ("The state-law claims asserted by plaintiff arise from the origination of the [m]ortgage and attack the ability of defendants to enforce it in the foreclosure proceedings. These claims could have been raised as a defense to foreclosure in state court, and therefore cannot be relitigated in a subsequent suit in federal court."); Zap v. Fed. Home Loan Mortg. Corp., No. 15-CV-0624, 2016 WL 2992147, at *4 (N.D.N.Y. May 20, 2016) (finding RESPA claim was barred by *res judicata* as it could have been raised in the prior state court action); Gordon v. First Franklin Fin. Corp., No. 15-CV-0775, 2016 WL 792412, at *7 (E.D.N.Y. Feb. 29, 2016) (citing Signature Bank v. Epstein, 95 A.D.3d 1199, 1200, 945 N.Y.S.2d 347 (N.Y. App. Div. 2012) ("A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action[.]" (quotations and citation omitted)).

Whether cast as violations of RESPA, Dodd-Frank, or breach of contract, plaintiffs effectively allege that Deutsche Bank improperly obtained the Mortgage and foreclosure judgment. Specifically, plaintiffs allege that Deutsche Bank engaged in "predatory lending" and "predatory mortgage servicing," and "has been unfair and misleading which violated a federal consumer protection law or regulation." (Compl. ¶¶ 4, 5.) "Inasmuch as [p]laintiff[s'] [ ] claim[s] [are] premised on [their] allegations that [d]efendants obtained the underlying mortgage through predatory lending tactics and fraud, *res judicata* operates to preclude federal review of such a claim." Hinds v. Option One Mortg. Corp., No. 11-CV-6149, 2012 WL 6827477, at *5 (E.D.N.Y. Dec. 6, 2012), report and recommendation adopted, 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013) (emphasis in original) (citation omitted); Mercado v. Playa Realty Corp., No. 03-CV-3427, 2005

WL 1594306, at *7 (E.D.N.Y. 2005) (*res judicata* barred plaintiffs from challenging state foreclosure judgment through "new claims" that "could have been asserted during the foreclosure action as counterclaims"). Thus, because plaintiffs' allegations challenge the prior foreclosure judgment, their claims are barred by *res judicata*.

With respect to plaintiffs' tort and GBL claims, it is not entirely clear that the state court considered them in denying plaintiffs' motion for an order to show cause in the foreclosure action, or that raising them in this action would amount to an improper attack on the foreclosure judgment. However, the Court dismisses these claims for failure to state a plausible claim for relief pursuant to Rule 12(b)(6).

To state a claim for negligent infliction of emotional distress under New York law, a plaintiff must allege the following: "(1) breach of a duty owed to the plaintiff, which breach either unreasonably endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her physical safety; (2) extreme and outrageous conduct; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Walia v. Holder, 59 F. Supp. 3d 492, 512 (E.D.N.Y. 2014) (citing Shearon v. Comfort Tech Mechanical Co., 936 F. Supp. 2d 143, 156 (E.D.N.Y. 2013)). Plaintiffs' conclusory pleading fails to allege any of the requisite elements. Plaintiffs' complaint merely asserts that "the [p]laintiffs are victims of [p]roximate cause with anxiety disorder[.] Plaintiffs are victims of the suffering, it[']s due to emotional distress and negligence from the [d]efendant." (Compl. ¶ 6.)

Moreover, Deutsche Bank, as a mortgage servicer, owes no duty of care to plaintiffs, the borrowers. See Hines v. HSBC Bank USA, 15-CV-3082, 2016 WL 5716749 at *12 (E.D.N.Y. Sept. 30, 2016) (citing Best v. Bank of Am., N.A., No. 14-CV-6546, 2015 WL 5124463, at *7 (E.D.N.Y. Sept. 1, 2015) ("[T]he negligence claim is subject to dismissal because a mortgage

servicer owes no duty of care to a borrower . . . ."); see also Abraham v. Am. Home Mortg. Servicing, Inc., 947 F. Supp. 2d 222, 236 (E.D.N.Y. 2013) ("It is well settled under New York law that a lender is not in a fiduciary relationship with a borrower, and thus a lender does not owe a borrower any special duties."). Thus, because plaintiffs' allegations are conclusory and fail to plead that Deutsche Bank owed them a duty, plaintiffs' negligent infliction of emotional distress claim fails as a matter of law. Accordingly, the Court dismisses plaintiffs' negligent infliction of emotional distress claim for failure to state a claim.[7]

Finally, though not specifically alleged, construing the complaint as broadly as possible, it appears that plaintiffs claim that the defendant violated the provisions of GBL § 349. In order to state a *prima facie* claim under this section, a plaintiff must demonstrate that "(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000). Thus, a complaint alleging a violation of GBL § 349 must allege facts demonstrating that "the disputed conduct had a broad impact on consumers at large and not just on the plaintiff." Miller v. HSBC Bank U.S.A., N.A., No. 13-CV-7500, 2015 WL 585589, at *8 (S.D.N.Y. Feb. 11, 2015) (citing Vitolo v. Mentor H/S, Inc., 426 F.Supp.2d 28, 36 (E.D.N.Y. 2006), aff'd, 213 F. App'x. 16 (2d Cir. 2007), cert. denied, 552 U.S. 815 (2007)). "Where a plaintiff makes only conclusory allegations of impact on consumers at large, a GBL § 349 claim must be dismissed."

---

[7] To the extent plaintiffs' complaint can be interpreted to assert a claim for intentional infliction of emotional distress, that claim is also dismissed as unsupported by any well-pleaded factual allegations. See Iqbal, 556 U.S. at 679-80. In order to plead a claim of intentional infliction of emotional distress under New York law, a plaintiff must plead the following four elements: "(1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress." Hines, 2016 WL 5716749, at *11 (quoting Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999)). Here, as the state court has already determined that defendant has a legal right to foreclose, "the complaint fails to plausibly allege extreme and outrageous conduct on the part of defendants." Id. (citing Best, 2015 WL 5124463, at *8 (finding the intentional infliction of emotional distress allegation legally deficient because the New York Supreme Court already determined that the defendant had a legal right to foreclose.).

Id. (dismissing GBL § 349 claim where borrower failed to allege damage to the consuming public at large but instead asserted "nothing more than injury to herself resulting from a private contractual dispute" with the lender); Kilgore v. Ocwen Loan Servicing, LLC, 89 F. Supp. 3d 526, 535 (E.D.N.Y. 2015) (finding mortgagor's "conclusory allegations of generalized consumer injury . . . insufficient to support a plausible Section 349 claim" against the loan servicer).

Here, plaintiffs' complaint not only fails to allege that the conduct complained of was directed at the consumer public or consumers at large but their single allegation that "[d]efendant has been unfair and misleading" (Compl. ¶ 5), fails to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Therefore, plaintiffs' Section 349 claim must be dismissed.

Thus, for the reasons discussed above, all of plaintiffs' claims against Deutsche Bank are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[8]

## D. Leave to Amend

"A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009); see also Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam) (noting that a *pro se* litigant should be given one opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim").

---

[8] As the Court dismisses plaintiffs' complaint in its entirety pursuant to Federal Rule 12(b)(5), it need not address plaintiffs' state law claims against RAS Boriskin. However, the Court notes that if RAS Boriskin was fraudulently joined, it would necessarily be dismissed from the case. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461-62 (2d Cir. 1998). Alternatively, if RAS Boriskin was not fraudulently joined, the Court would not have diversity jurisdiction over this case. See id. at 460-61. In that scenario, because the only claims against RAS Boriskin are state law claims, the Court would decline to exercise supplemental jurisdiction over the claims and dismiss RAS Boriskin from the case.

15

Here, the Court has carefully considered whether plaintiffs should be granted leave to amend the complaint. In light of plaintiffs' *pro se* status, the plaintiffs are afforded thirty (30) days to file an amended complaint to pursue any claims that were not or could not have been raised in the prior foreclosure action, and to properly serve all defendants.[9] The amended complaint must be captioned as plaintiffs' "Amended Complaint" and must bear the same docket number as this Memorandum and Order. Further, the amended complaint must be properly served on all defendants in accordance with Federal Rule of Civil Procedure 4.[10]

### III. CONCLUSION

For the reasons stated above, the Court grants defendant's motion and dismisses plaintiffs' complaint in its entirety. However, plaintiffs are granted leave to file an amended complaint in compliance with Federal Rule of Civil Procedure 8. The amended complaint shall be clearly labeled "Amended Complaint," shall bear the same docket number as this Order, 18-CV-1593, and must be filed within thirty (30) days of this Order. Because an amended complaint completely replaces the prior complaint, plaintiffs shall include all claims they seek to pursue in this case. Plaintiffs are cautioned that a failure to timely file an amended complaint in accordance with this Memorandum and Order will lead to the dismissal of this action with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiffs seek *in forma pauperis* status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

---

[9] Plaintiffs are permitted to attempt to replead the tort and GBL claims as they were dismissed for failure to state a cause of action, but they are not permitted to replead the claims that were dismissed based on *res judicata*.

[10] In light of defendant's contention that RAS Boriskin was fraudulently joined, (see Removal Not. ¶ 8(a)), in the event that plaintiffs file an amended complaint against RAS Boriskin, they must show why RAS Boriskin is properly joined to this action.

16

The Clerk of Court is directed to mail a copy of this Order to the *pro se* plaintiffs.

**SO ORDERED.**

Dated: September 30, 2019
   Central Islip, New York

                /s/(JMA**)**
                Joan M. Azrack
                United States District Judge