UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MAMIE H. BELL, NAYQUAN A. BELL,

                Plaintiffs,

          -against-

DEUTSCHE BANK, INDYMAC 2006-AR27,
RAS BORISKIN, LLC,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**FILED**
**CLERK**

2:27 pm, Sep 30, 2021

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM AND ORDER**
18-CV-01593 (JMA) (AYS)

**APPEARANCES:**

Karl Silverberg
Silverberg P.C.
320 Carleton Avenue, Suite 6400
Central Islip, New York 11722
    *Attorney for Plaintiffs Mamie Bell and Nayquan Bell*

Margaret J. Cascino
McGlinchey Stafford PLLC
112 West 34th Street, Suite 1515
New York, New York 10120
    *Attorney for Defendant Deutsche Bank*
    *National Trust, as Trustee for Indymac 2006-AR27*

**AZRACK, United States District Judge:**

      Currently, before the Court are motions filed by Plaintiffs Mamie Bell and Nayquan Bell (together "plaintiffs" or the "Bells") seeking reconsideration of the Court's Memorandum and Order dated September 30, 2019 (the "Dismissal Order," ECF No. 15) and seeking an extension of the deadline to file an amended complaint. For the reasons discussed below, plaintiffs' motion for reconsideration is denied and plaintiffs are granted fourteen (14) days to file an amended complaint.

1

## BACKGROUND

The Court assumes familiarity with the facts of this case, which are detailed in the Court's Dismissal Order that granted the motion to dismiss filed by defendant Deutsche Bank as Trustee for Indymac 2006-AR27 ("Deutsche Bank" or the "defendant"). The following is a brief summary of those facts relevant to the disposition of the present motions.

### A.  Procedural History

On February 2, 2018, plaintiffs filed a *pro se* complaint in the Supreme Court of New York, Nassau County against Deutsche Bank and RAS Boriskin, LLC ("RAS Boriskin" or the "law firm") (together, the "defendants"). (Dismissal Order at 1.) On March 14, 2018, Deutsche Bank removed the case to this Court pursuant to 28 U.S.C. § 1441(a) and (b) based upon 28 U.S.C. §§ 1331 and 1332(a). (Id.)  By Order dated September 30, 2019, and entered October 4, 2019, this Court granted Deutsche Bank's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), but granted plaintiffs leave to file an amended complaint within thirty days of the Order.[1] (Id. at 6-8.)

On October 29, 2019, *pro se* plaintiffs filed a three-page handwritten letter with exhibits, but it was not labeled "Amended Complaint." (ECF No. 16.) On January 9, 2020, Deutsche Bank filed a letter motion to dismiss the case with prejudice for plaintiffs' failure to file an amended complaint within thirty days of the Dismissal Order. (ECF No. 17.) On January 16, 2020, plaintiffs filed a letter requesting thirty days to seek legal representation and file an amended complaint. (ECF No. 18.) On January 23, 2020, Deutsche Bank filed a response objecting to plaintiffs' request for an extension of time to file an amended complaint, and seeking dismissal of the case. (ECF No. 19.)  By Order dated September 18, 2020, this Court denied Deutsche Bank's motion to

---

[1] RAS Boriskin has not appeared in the action. However, the Court noted in its Dismissal Order that service on RAS Boriskin was defective, and therefore plaintiffs' complaint was dismissed without prejudice as to both defendants pursuant to Federal Rule of Civil Procedure 12(b)(5).

dismiss and granted plaintiffs until October 21, 2020 to file and serve their amended complaint in accordance with the Court's Dismissal Order.  (ECF Docket Order dated September 18, 2020.)

Thereafter, on October 7, 2020, plaintiffs, now represented by counsel, moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of the Court's Dismissal Order.  (ECF No. 20.)  Additionally, on October 15, 2020, plaintiffs filed a letter motion seeking an extension of time to file an amended complaint.  (ECF No. 21.)  On October 27, 2020, Deutsche Bank opposed plaintiffs' motion for an extension of time to file an amended complaint and noted its objection to plaintiffs' motion for reconsideration as untimely.  (ECF No. 22.)  That same day, plaintiffs, through counsel, opposed Deutsche Bank's letter, claiming that their motion for reconsideration was timely pursuant to Federal Rule of Civil Procedure 6(d).  (ECF No. 23.)  By letter motions dated February 16, 2021 and March 24, 2021, Deutsche Bank requested an extension of time to respond to plaintiffs' motion for reconsideration.  (ECF Nos. 24, 25.)

**B.  Factual Background**

1.  Foreclosure Action

On August 2, 2006, plaintiffs executed a mortgage ("Mortgage") and a note ("Note") in the principal sum of $352,000 concerning a property located at 105 Montague Street, Valley Stream, New York (the "Property").  (Dismissal Order at 1.)  Plaintiffs' mortgage was eventually assigned to Deutsche Bank on December 1, 2010.  (Id.)  As a result of plaintiffs' default on the Note and Mortgage by failing to make their monthly payment, Deutsche Bank commenced an action against plaintiffs in New York State Supreme Court, Nassau County on September 8, 2015.  (Id.)  Deutsche Bank obtained a judgment of foreclosure and sale on December 22, 2017.  (Id.)  The Property was scheduled to be sold on March 20, 2018; however, on that date, plaintiffs filed an order to show cause seeking a temporary restraining order to stay the sale.  (Id.)  In support of their request, plaintiffs alleged that Deutsche Bank engaged in violations of federal consumer

3

protection laws, misrepresentation, predatory mortgage servicing, and predatory lending. (Id.) On April 27, 2018, the state court denied plaintiffs' order to show cause and directed Deutsche Bank to proceed with the foreclosure. (Id.) On March 7, 2019, plaintiffs filed a motion in the foreclosure action seeking an order directing production of the Note, reversal of the deed, and cancelation of the auction sale that occurred on July 30, 2018. (Id.) On April 4, 2019, the state court denied plaintiffs' motion. (Id.)

    2. Instant Action

The underlying complaint in this federal action involved allegations that Deutsche Bank engaged in predatory lending and predatory mortgage servicing in violation of unspecified provisions of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (the "Dodd-Frank Act") and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et., seq. (Id. at 2.) The complaint also alleged state law claims against Deutsche Bank for breach of contract, deceptive business practices pursuant to New York General Business Law ("GBL") § 349, and negligent infliction of emotional distress. (Id.)

This Court granted Deutsche Bank's motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5). (Id. at 4.) Additionally, the Court dismissed plaintiffs' claims on the basis of *res judicata* and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Id. at 5-8.) As is relevant here, the Court found that plaintiffs' claims directly related to the Mortgage or foreclosure action were barred from further adjudication by *res judicata*. (Id. at 5-6.) Therefore, plaintiffs' RESPA, Dodd-Frank, and breach of contract claims were barred by *res judicata* as these claims all alleged that Deutsche Bank improperly obtained the Mortgage and foreclosure judgment, thereby challenging the prior foreclosure judgment. (Id.)

With regard to plaintiffs' negligent infliction of emotional distress and GBL claims, the Court noted that it was not entirely clear that the state court considered them in the foreclosure

4

action, or that raising them in this action would amount to an improper attack on the foreclosure judgment. (Id. at 6-7.) However, the Court dismissed those claims for failure to state a plausible claim for relief pursuant to Rule 12(b)(6). (Id.) The Court granted plaintiffs leave to file an amended complaint with respect to the GBL and negligent infliction of emotional distress claims only, as plaintiffs' federal claims are barred by *res judicata*. (Id. at 8, n. 9.)

## II. DISCUSSION

### A. Standard of Review

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment or order and provides six independent grounds for relief." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court . . . ." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation and citation omitted). Moreover, such a motion "may not be used as a substitute for appeal." Manney v. Intergroove Media GMBH, No. 10-CV-4493, 2014 WL 1224171, at *1 (E.D.N.Y. Mar. 24, 2014). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Under Rule 60(c), motions made pursuant to Rule 60(b) "must be made within a reasonable time," and motions based on grounds (1), (2), and (3) must be made "no more

5

than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Further, relief under the catch-all provision of Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." See Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001). As the "Second Circuit has instructed, a 'court may treat a motion to vacate a prior judgment as having been made under 60(b)(6) *only if the other, more specific grounds for relief encompassed by the rule are inapplicable*.'" Azkour v. Little Rest Twelve, No. 10-CV-4132, 2017 WL 1609125, at *4 (S.D.N.Y. April 28, 2017) (quoting Maduakolam v. Columbia Univ., 866 F.2d 53, 55 (2d Cir. 1989)) (emphasis in original). Thus, "Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" Stevens, 676 F.3d at 67-68 ("Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed.") (quoting States v. Cirami, 535 F.2d 736, 740 (2d Cir. 1976)).

Although a *pro se* motion is read liberally and interpreted to raise the strongest arguments suggested, "a *pro se* litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." Alvarado v. Manhattan Worker Career Ctr., No. 01-CV-9288, 2003 WL 22462032, *2 (S.D.N.Y. Oct. 30, 2003); accord Hall v. N. Bellmore Sch. Dist., 08-CV-1999, 2016 WL 4005792, *2 (E.D.N.Y. July 25, 2016).

Additionally, pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend [its] pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Courts consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

6

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### B. Plaintiffs' Motion for Reconsideration Lacks Merit

Though Plaintiffs' motion for reconsideration is timely, it lacks merit.[2]

Plaintiffs move to reopen their case pursuant to Rule 60(b)(1), mistake, surprise, or excusable neglect and (6), any other reason that justifies relief.[3]

As discussed above, Rule 60(b) is "extraordinary relief" and can be granted "only upon a showing of exceptional circumstances." Nemaizer, 793 F.2d at 61. The Second Circuit has consistently held that Rule 60(b)(1) is available for a district court to correct its own legal errors. See In re 310 Assocs., 346 F.3d 31, 35 (2d Cir. 2003). However, "mere disagreement" with a court's resolution of legal and factual issues does not amount to an "exceptional circumstance" that warrants Rule 60(b)(1) relief. Williams v. Artus, No. 06–CV–356, 2008 WL 4516241, at *2

---

[2] The Court's September 30, 2019 Dismissal Order was entered against plaintiffs on October 4, 2019 and was subsequently served on plaintiffs by mail. Pursuant to Federal Rule 6(d), plaintiffs had one year and three days from October 4, 2019 to file their motion for reconsideration. See Fed. R. Civ. P. 6(d). Thus, plaintiffs' Rule 60(b) motion, which was filed on October 7, 2019, is timely. However, the Court notes that it will not consider plaintiffs' motion under Local Rule 6.3 as it was not served within the requisite 14 days after the entry of the Court's ruling on the motion to dismiss in accordance with Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. See Local Civil Rule 6.3; Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010) ("An untimely motion for reconsideration [pursuant to Local Civil Rule 6.3] is treated as a Rule 60(b) motion.)

[3] As discussed above, "Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" Stevens, 676 F.3d at 67-68. As such, "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply." ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 109 (2d Cir. 2012). Therefore, given plaintiffs' contentions constitute grounds for relief recognized in Rule 60(b)(1), the Court finds that relief under Rule 60(b)(6) is not applicable here. However, even if plaintiffs' asserted grounds for relief did not fall within clause (1) of the Rule, the circumstances here do not justify relief under Rule 60(b)(6). Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir.2009) ("[The] catch-all provision of Rule 60(b)(6) allows courts to vacate judgments whenever necessary to accomplish justice, although such relief should be granted only in extraordinary circumstances."); Manney, 2014 WL 1224171, at *7 ("[A] claim that the decision was wrong [is] not sufficiently extraordinary" to warrant relief under Rule 60(b)(6)) (citing United Airlines, Inc. v. Brien, 588 F.3d 158, 177 (2d Cir. 2009)).

(W.D.N.Y. Oct. 2, 2008). Additionally, Rule 60(b)(1), "will not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" Azkour, 2017 WL 1609125, at *4 (quoting In re Bulk Oil (USA) Inc., Nos. 93-CV-4492, 4494, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007)).

The Court finds that Plaintiff has not met the demanding standard for reconsideration under Rule 60(b)(1).

Plaintiffs contend that as "a *pro se* plaintiff seeking relief on a consumer protection statute," plaintiffs were entitled to "a higher level of deference under *res judicata* standards." (Pls.' Br. at 2.) Plaintiffs claim that "a lower standard, namely a 'particular generosity' standard, [should be applied] when evaluating whether a *pro se* litigant's consumer protection claim 'could have been litigated' in a prior action." (Id. at 5.) Plaintiffs assert that because they are pro se, they "could not have effectively raised [their] consumer protection claims in the prior state court foreclosure proceeding." (Id. at 2)

Plaintiffs' "mere disagreement" with the Court's resolution of the *res judicata* issue does not amount to an "exceptional circumstance" that warrants Rule 60(b)(1) relief. See Williams, 2008 WL 4516241, at *2.

Moreover, plaintiffs have not shown that the Court erred in its res judicata analysis. The "particular generosity" standard plaintiffs seek does not apply to the doctrine of *res judicata*. The two cases cited by plaintiffs referencing a "particular generosity" standard with regard to *pro se* plaintiffs do so in the context of pro se civil rights complaints and therefore do not provide any convincing support for plaintiffs' position. See Davis v. Goord, 320 F.3d 346, 350 (2d Cir. 2003) ("Moreover because Davis' 'complaint alleges civil rights violations and he proceeded *pro se* in the district court, we must construe his complaint with particular generosity.'") (quoting Morales

v. Mackalm, 278 F.3d 126, 131 (2d Cir. 2002) (per curiam)).  Because plaintiffs filed this action *pro se*, the Court liberally construed their complaint.  Plaintiffs, however, do not provide any authority in support of their argument the doctrine of *res judicata* applies differently to *pro se* litigants.  Indeed, *pro se* litigants are equally bound by the doctrine of *res judicata*.  See Done v. Wells Fargo Bank, N.A., No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009); Broadway v. City of New York, No. 96-CV-2798, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) ("[T]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel.")

As discussed in this Court's Dismissal Order, "[c]ourts in this Circuit have found that a plaintiff's federal-court claim is precluded by a state-court judgment in a foreclosure action when the plaintiff has alleged, in federal court, that the defendants acted improperly in connection with the making, validity or enforcement of the underlying mortgage."  George v. Nationstar Mortg., LLC, No. 16-CV-261, 2017 WL 3316065, at *7 (E.D.N.Y. Aug. 2, 2017) (collecting cases).  Plaintiffs' motion for reconsideration does not address the relevant caselaw cited in the Dismissal Order and points to no authority indicating that the Court erred in dismissing Plaintiffs' claims based on *res judicata*.[4]  Because plaintiffs fail to demonstrate that the Court made any mistake in reaching this decision, plaintiffs' motion for reconsideration is DENIED.

---

[4] In their reconsideration motion, plaintiffs point to footnote 6 in the Court's Dismissal Order, which noted that Plaintiffs raised these claims in an order to show cause that the state court denied.  Plaintiffs' reconsideration motion asserts—without citation to any relevant authority—that the state court's ruling on the Order to Show Cause was insufficient to constitute an adjudication on the merits and, thus, cannot be a basis for applying *res judicata* here.  This argument does not show that the Court erred.  The Court's *res judicata* determination did not rest on this footnote.  Rather, the Court relied on ample authority indicating that plaintiffs' claims were barred by *res judicata*, irrespective of the Order to Show Cause.  Moreover, although it is unnecessary to rely on the Order to Show Cause, the state court's ruling on the Order to Show Cause likely constitutes a further ground for dismissing plaintiffs' claims under *res judicata*.  The state court characterized plaintiffs' filing as an "Order to Show Cause seeking an Order staying the foreclosure sale of the subject premises and dismissing the action."  (Ex. J, ECF No. 1-12 (emphasis added)).  In a written decision, the state court denied this request on the merits.  As such, the state court's ruling on the Order to Show Cause likely has *res judicata* effect on plaintiffs' claims here.

9

### B. Plaintiffs' Request to File An Amended Complaint

Plaintiffs' motion for reconsideration seeks permission to amend their complaint "to add facts that could warrant relief under the law" with regard to their GBL claim. Additionally, Plaintiffs requested, prior to the deadline for submitting an amended complaint, a two-week extension of that deadline. In light of the fact that *pro se* plaintiffs obtained legal representation on October 5, 2020, it is appropriate to provide recently-retained counsel an opportunity to amend plaintiffs' original *pro se* pleading. Therefore, this Court grants plaintiffs fourteen (14) days from the date of this Memorandum and Order to file an amended complaint in accordance with the Court's Dismissal Order dated September 30, 2019. The amended complaint must be captioned as plaintiffs' "Amended Complaint" and must bear the same docket number as this Memorandum and Order. Further, the amended complaint must be properly served on all named defendants in accordance with Federal Rule of Civil Procedure 4. Plaintiffs are cautioned that a failure to timely file and serve an amended complaint in accordance with this Order will result in the DISMISSAL of this action WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is denied. Plaintiffs' motion to amend the complaint is granted in accordance with this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiffs seek *in forma pauperis* status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 30, 2021
      Central Islip, New York

                                                                                                   /s/ (JMA)
                                                                                JOAN M. AZRACK
                                                                                UNITED STATES DISTRICT JUDGE